13-1189-cv
*Chamberlin Grim v. Baker*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand fourteen.

PRESENT:

> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DARCY JOAN CHAMBERLIN GRIM,

> *Plaintiff-Appellant,*

> -v.-                                                                    No. 13-1189-cv

ELLEN L. BAKER, JOHN BURKE CHAMBERLIN, WILLIAM J.
CHAMBERLIN, JOHN SCOTT CHAMBERLIN, ESTATE OF PAUL
EDMUND CHAMBERLIN, JANE DOE, JOHN DOE,
CORPORATION X, CORPORATION Y, RALF RASTU, SARAH
GLEACHER, KENNETH RYAN, VILLAGE OF SAGAPONACK,
NEW YORK, COUNTY OF ULSTER, NEW YORK,

> *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**          Darcy Joan Chamberlin Grim, *pro se*, West
                                     Park, NY.

**FOR DEFENDANTS-APPELLEES:**

Scott Kossove and Diane Peixoto Whitfield, L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City, NY, *for* Appellee Ellen L. Baker.

Brian S. Sokoloff and Mark Anthony Radi, Sokoloff Stern LLP, Carle Place, NY, *for* Appellees John Burke Chamberlin, William J. Chamberlin, and John Scott Chamberlin.

Appeal from a judgment, entered March 13, 2013, of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Darcy Joan Chamberlin Grim, proceeding *pro se*, appeals the judgment of the District Court, dismissing her complaint against her father and brothers (the "Chamberlins") and her deceased mother's estate lawyer, Ellen Baker. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As a preliminary matter, Appellant challenges only the district court's holding that her claims were barred by the *Rooker-Feldman* doctrine; she does not challenge the district court's alternative grounds for dismissing her complaint, including that they are precluded by collateral estoppel and time-barred by the statute of limitations. Accordingly, any such arguments are deemed abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995). These bases, independent of the District Court's *Rooker-Feldman* holding, are sufficient to affirm the District Court's decision to dismiss Appellant's complaint. *See Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006) ("[W]e are free to affirm a decision on any grounds supported in the record."). In any event, Appellant's challenge to the District Court's *Rooker-Feldman* analysis is meritless.

"Because *Rooker-Feldman* goes to subject-matter jurisdiction, we review de novo the district court's application of the doctrine." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005). The *Rooker-Feldman* doctrine provides that, in most circumstances, the lower federal courts do not have subject matter jurisdiction to review final judgments of state courts. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-83 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-16 (1923). The Supreme Court has clarified that the doctrine is "confined" to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Hoblock*, 422 F.3d at 85. On *de novo* review, we conclude that the *Rooker-Feldman* doctrine bars the exercise of federal subject-matter jurisdiction in this case.

**CONCLUSION**

We therefore affirm for substantially the reasons stated by the District Court on the record following oral argument on the Appellees' motions to dismiss. We have considered all of Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the March 13, 2013, judgment of the District Court.


                                        FOR THE COURT,
                                        Catherine O'Hagan Wolfe, Clerk of Court